**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 22, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40900
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JAIME NARANJO-MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-208-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Jaime Naranjo-Martinez appeals his guilty-plea conviction and sentence for being found unlawfully present in the United States following deportation after conviction for possession of marijuana with intent to distribute. Naranjo-Martinez argues that 8 U.S.C. § 1326(b) is unconstitutional. Naranjo-Martinez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Naranjo-Martinez contends that Almendarez-Torres was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. See <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Naranjo-Martinez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Naranjo-Martinez also argues that the district court erred in imposing his sentence pursuant to the mandatory United States Sentencing Guidelines invalidated in <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). The Government concedes that Naranjo-Martinez's objection pursuant to <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), was sufficient to preserve this argument for appeal. Therefore, we review Naranjo-Martinez's sentence for harmless error. See <u>United States v. Mares</u>, 402 F.3d 511, 520 n.9 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Under that standard, the sentence will be vacated and remanded unless the Government proves beyond a reasonable doubt that the error was harmless--i.e., that it did not affect the sentence Naranjo-Martinez received. See <u>United States v. Walters</u>, 418 F.3d 461, 463-65 (5th Cir. 2005).

The Government argues that Naranjo-Martinez admitted his prior conviction at rearraignment and that his sentence was

enhanced based on his prior conviction, a factor to which Booker does not apply.  The Government argues that the error was harmless because the district court considered the factors in 18 U.S.C. § 3553(a), FED. R. CRIM. P. 32(d), the Guidelines, and all other matters before the court prior to imposing a sentence within the applicable guidelines sentencing range.

The Government's contentions are insufficient to satisfy its burden of demonstrating that the district court, operating under an advisory Guidelines scheme, would have imposed the same sentence.  Rather, the sentence imposed may simply reflect what the district court believed was appropriate within the then-mandatory Guidelines framework.  See, e.g., United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005) (recognizing that the Government had, to date, demonstrated harmless Booker error only in instances where (1) the district court expressly indicated that it would impose the same sentence under an advisory scheme and (2) the district court expressly refused to run the defendant's federal Guidelines sentence concurrently with his state sentence).  The assertions by the Government, without more, shed no light on how the district court would have acted had it known that it was not bound to follow the Guidelines.  Accordingly, the Government has failed to demonstrate harmless error.

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.